FRANK HERBST v. TIDEWATER POWER COMPANY.

(Filed 19 March, 1913.)

**Carriers of Passengers—Street Railways—Passenger's Opportunity to Procure Tickets—Ejection from Car—Damages.**

While a carrier of passengers is liable in damages to a passenger for ejecting him from its cars for failure to have a ticket, when they have not afforded him a reasonable opportunity to procure one, the principle does not apply where a street car company, charging a 5-cent cash fare, sells six tickets for 25 cents, and the passenger, having had ample opportunity to buy them, goes to the seashore terminal, where, owing to the season of the year, tickets are not sold, of which he previously knew; and returning, offers to buy tickets from the conductor at a place on the line where he knows the conductors did not sell them, and, refusing to pay the cash fare, is ejected from the car.

APPEAL by plaintiff from *Carter, J.,* at December Term, 1912, of NEW HANOVER.

This is an action to recover damages for the alleged unlawful ejection of the plaintiff from the defendant's car on its suburban electric railway line operating between Wilmington and Wrightsville Beach.

The following facts appear from the admissions in the pleadings and from the evidence:

1. That defendant is a common carrier of passengers and freight, operating a railway between Wilmington and a station on Wrightsville Beach, called "Lumina."

2. That plaintiff had been a passenger on the downward trip and spent the afternoon at Lumina, and "toward evening, about suppertime, 6 or 6:30 (27 August, 1911) he concluded to return, and got on the cars at Lumina, the terminal station of the company."

3. Defendant had a ticket office, and before entering the train, plaintiff went to the ticket office to buy tickets.

4. The ticket office was closed and he could not get the tickets.

5. Plaintiff got on the cars without objection.

6. The plaintiff, when called on for tickets, told the conductor that he "could not get them at the ticket office" at Lumina, and offered 25 cents to the conductor, asking him to get him the tickets on the other side of the trestle, at Wrightsville.

7. That the conductor demanded of the plaintiff the regular fare of 5 cents, which he refused to pay, insisting on his right to buy six tickets for 25 cents.

8. That at this time of the year the defendant did not maintain an office at Lumina, but had a ticket agent on its cars from near Bradley's Creek to Wrightsville, who sold six tickets for 25 cents.

9. That the plaintiff knew of these facts, and on the evening of the injury complained of, he got on the cars at Bradley's Creek, and passed through Wrightsville to Lumina.

. The plaintiff testified: "I think there were ticket agents on all of these Beach cars. They went down as far as Wrightsville and got off at the frog. Those ticket agents sold tickets. The conductors did not sell any. I think the only kind of fare you could pay the conductor was a cash fare."

10. That plaintiff was ejected after he offered to buy tickets.

. There was also evidence that when passengers had not had the opportunity to buy tickets, that the conductor going to Wilmington would pass them, and let them buy tickets at Wrightsville.

LaRoque *v.* Kennedy.

There was a judgment of nonsuit, and the plaintiff excepted and appealed.

*W. J. Bellamy and J. D. Bellamy & Son for plaintiff.*
*Davis & Davis, A. G. Ricaud, and K. O. Burgwin for defendant.*

Allen, J. We have no disposition to relax the rule announced in *Ammons v. R. R.,* 138 N. C., 555, and in *Harvey v. R. R.,* 153 N. C., 567, as to the duty of the carrier of passengers to afford reasonable opportunity to procure a ticket, but its application to the facts in evidence show no breach of duty on the part of the defendant.

The plaintiff went from Bradley's Creek to the Beach, and it was on the return trip that he was ejected from the car, upon his refusal to pay the regular fare. He had been notified that at that season of the year no ticket office was kept open at Lumina, and he knew he could buy tickets from ticket agents on the cars from Bradley's Creek to Wrightsville, and that the conductors did not sell tickets and could only take a cash fare. If, after being afforded an opportunity to buy tickets, he failed to do so, and was ejected for failure to pay the regular fare of 5 cents, because he wished to test his right to buy six tickets for 25 cents from the conductor, when he knew the conductor did not sell tickets, he has no one to blame except himself.

The judgment of nonsuit was properly entered.
Affirmed.